Jones, J.
(dissenting). I share the conviction of the dissenting Justices at the Appellate Division that subdivision 5 of section 70.02 of the Penal Law is unconstitutional under both Federal and New York State Constitutions as working a denial of due process. In my view constitutionally guaranteed due process is denied when the scheme of sentencing is to any significant extent made to turn on a charge set forth in the accusatory instrument but which *168 has been neither proved by the People nor admitted by the defendant.
This was, I had thought, the teaching of People v Drummond (40 NY2d 990). Under the statute held unconstitutional in that case, the unproved and unadmitted higher charge was the sole factor leading to preclusion of consideration of youthful offender treatment but it was not the sole factor determinative of the defendant’s ultimate sentence. By parallel analysis, the fact that the indictment in this case charged defendant with an armed felony was the sole factor which exposed him to the sentencing structure of subdivision 5 of section 70.02 but was not determinative of the precise sentence he would receive. I find nothing in Drummond, either in the opinion in our court or in the dissenting opinion at the Appellate Division, to suggest that the rationale for the court’s determination of unconstitutionality turned on whether the alternative frame of sentencing made applicable by the charge in the indictment was rigid (as in Drummond — exclusion from consideration for youthful offender treatment) or flexible (as in the present case — an indeterminate sentence in the absence of a finding of one of the factors set out in paragraph [b] of subdivision 5). The critical factor to the holding of unconstitutionality in Drummond was that the alternative sentencing category applicable to the defendant was determined by only an allegation of conduct which had not been proved or admitted. “By according a decisive role in the determination of which youths are eligible for youthful offender treatment to nothing more substantial than a written statement of unproven allegations (see CPL 1.20, subd 3), the statute offends reasonable notions of fairness. There is no reasonable justification or necessity for fixing the degree of the crime charged as the determinative factor. It is clear that an indictment does not survive a trial and verdict; it should play no part in determining the type of postconviction treatment” (People v Drummond, 51 AD2d 1, 15). I perceive no principled ground on which our decision in Drummond can be distinguished.
Additionally, and in any event, to construe defendant’s plea of guilty to the class D violent felony as an implied *169 admission that he was armed as charged in the first count of the indictment to which he did not plead guilty (as does the majority, pp 166, 167) is to rely on what would be a wholly fictitious construct. If anything is unmistakably clear, it is that by pleading guilty to the lesser count in full satisfaction of the entire indictment, defendant was not required to admit the elements of the armed felony charged in the first count (or of the offenses charged in any of the other counts to which he did not plead), and of course the criminal transaction charged in the armed felony count has never been proved by the People. Is it to be taken that wherever a defendant pleads guilty to one count in satisfaction of an indictment charging an armed felony that he will be deemed to have admitted that he was armed?
Chief Judge Cooke and Judges Jasen, Wachtler, Fuchsberg and Simons concur with Judge Meyer; Judge Jones dissents and votes to reverse in a separate opinion..
Order affirmed.